UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Keith Allen Kiefer, | Case No. 20-cv-2106 (WMW/ECW) |
| Plaintiff, | |
| | **ORDER** |
| v. | |
| Isanti County, Minnesota, | |
| Defendant. | |

---

Before the Court is Defendant Isanti County's (the County) motions for judgment on the pleadings or, in the alternative, for summary judgment. (Dkts. 11, 17.) Plaintiff Keith Allen Kiefer opposes the motions. For the reasons addressed below, the Court grants the County's motions for judgment on the pleadings as to Kiefer's federal constitutional claims and declines to exercise supplemental jurisdiction over Kiefer's remaining state-law claims.

## BACKGROUND

Kiefer is a resident of Isanti County, Minnesota, where he owns real property. On November 19, 2008, the County cited Kiefer for an alleged zoning code violation. And on December 22, 2008, the County filed a criminal complaint charging Kiefer with violating Isanti County's Zoning Code and Solid Waste Ordinance. Following a trial, a jury convicted Kiefer of violating the Solid Waste Ordinance, and the state court sentenced Kiefer to 90 days in jail. The state court ordered Kiefer to bring his property into compliance by June 7, 2009 (60 days after the date of the court's order) and stayed the

execution of Kiefer's jail sentence pending Kiefer's compliance with the order. Kiefer failed to bring his property into compliance with the Solid Waste Ordinance and served 60 days in jail.

In March 2011, the County brought a civil action against Kiefer for violating county zoning and solid waste ordinances. Kiefer answered the complaint and counterclaimed, arguing that the County had misinterpreted and misapplied the Solid Waste Ordinance. The district court ruled against Kiefer, concluding that the ordinance applied to Kiefer's conduct, relying in part on Kiefer's 2009 criminal conviction involving the same conduct. Kiefer appealed the district court judgment in the civil case, and the Minnesota Court of Appeals reversed the district court. The Minnesota Court of Appeals concluded that the ordinance's definition of solid waste was "unworkably broad" and that the ordinance was "obvious[ly] . . . meant to apply to conventional solid-waste-management operations, and not merely outdoor storage in general." *County of Isanti v. Kiefer*, A15-1912, 2016 WL 4068197, *3–4 (Minn. App. Aug. 1, 2016).

On July 31, 2018, Kiefer petitioned the state district court for postconviction relief and vacatur of his 2009 criminal conviction. The state court granted the petition on October 8, 2019, vacated Kiefer's criminal conviction and ordered the clerk of the court to refund the fine, fees and costs that Kiefer had paid.

Kiefer filed the present lawsuit on October 2, 2020. Kiefer advances five claims. In Count I, Kiefer alleges that the County unlawfully seized Kiefer in violation of the Fourth Amendment to the United States Constitution by incarcerating Kiefer for violating the Solid Waste Ordinance. In Count II, Kiefer alleges that the County violated Kiefer's

2

procedural-due-process rights under the Fourteenth Amendment to the United States Constitution by prosecuting and incarcerating him for the violation of a law to which he was not subject. In Counts III through V, Kiefer alleges that the County falsely imprisoned him, maliciously prosecuted him, and engaged in an abuse of process in violation of Minnesota common law. The County seeks judgment on the pleadings or summary judgment in its favor as to each claim.

## ANALYSIS

A party may file a motion for judgment on the pleadings "[a]fter the pleadings are closed—but early enough not to delay trial." Fed. R. Civ. P. 12(c). The same legal standard used to evaluate a motion to dismiss for failure to state a claim under Rule 12(b)(6), Fed. R. Civ. P., applies to a motion for judgment on the pleadings, *see Gallagher v. City of Clayton*, 699 F.3d 1013, 1016 (8th Cir. 2012). When determining whether a complaint states a facially plausible claim, a district court accepts the factual allegations in the complaint as true and draws all reasonable inferences in the plaintiff's favor. *Blankenship v. USA Truck, Inc.*, 601 F.3d 852, 853 (8th Cir. 2010). Factual allegations must be sufficient to "raise a right to relief above the speculative level" and "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). Legal conclusions couched as factual allegations may be disregarded. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Although matters outside the pleadings generally may not be considered when deciding a motion to dismiss, a district court may consider documents necessarily embraced by the pleadings. *Ashanti v. City of Golden Valley*, 666 F.3d 1148, 1151 (8th

3

Cir. 2012). Materials are necessarily embraced by the pleadings when a complaint alleges the contents of the materials and no party questions their authenticity. *Zean v. Fairview Health Servs.*, 858 F.3d 520, 526 (8th Cir. 2017). As such, the Court may properly consider such documents when deciding the County's motion for judgment on the pleadings.

### I. Municipal Liability

Kiefer alleges he was subject to an unlawful seizure in violation of the Fourth Amendment's prohibition against unlawful seizure and suffered a violation of his right to procedural due process under the Fourteenth Amendment. To state a plausible claim as to these alleged constitutional violations, Kiefer must first adequately allege municipal liability pursuant to 42 U.S.C. § 1983. The parties dispute whether Kiefer has sufficiently pleaded municipal liability pursuant to Section 1983.

Section 1983 provides a civil cause of action against:

> [e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws . . . .

42 U.S.C. § 1983. A Section 1983 claim against a municipality cannot be based on vicarious liability. *See Bd. of Cnty. Comm'rs v. Brown*, 520 U.S. 397, 403 (1997). But a municipality may be subject to Section 1983 liability if the inadequate training of its employees, a municipal policy or an unofficial municipal custom causes a constitutional injury. *See City of Canton v. Harris*, 489 U.S. 378, 388 (1989) (training); *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978) (policy or custom); *see also Bd. of Cnty. Comm'rs*, 520 U.S. at 403–04.

4

A.     **Failure to Train**

The parties dispute whether Kiefer has alleged sufficient facts to state a Section 1983 failure-to-train claim. When "an official policy is lawful on its face, a plaintiff nevertheless may establish liability by showing that a municipality caused the constitutional violation by providing inadequate training for its employees." *Graham v. Barnette*, 5 F.4th 872, 891 (8th Cir. 2021) (internal quotation marks omitted). To establish municipal liability for failure to train, "a plaintiff must show that (1) the municipality's training practices were inadequate, (2) the municipality was deliberately indifferent to the plaintiff's rights when adopting the training practices such that the failure to train reflects a deliberate or conscious choice, and (3) the plaintiff's injury was actually caused by the alleged deficiency in the training practices." *Id.* (internal quotation marks and brackets omitted). A "pattern of similar constitutional violations" is "ordinarily necessary" to establish municipal liability based on a failure to train. *Connick v. Thompson*, 563 U.S. 51, 62 (2011) (internal quotation marks omitted). But, if "the need for more or different training is so obvious, and the inadequacy [is] so likely to result in the violation of constitutional rights," the municipality "can reasonably be said to have been deliberately indifferent to the need." *City of Canton*, 489 U.S. at 390.

Here, Kiefer alleges that the County failed to train its employees that the Solid Waste Ordinance does not apply to individuals who store personal property outdoors or who do not have a solid waste management operation. Kiefer does not allege a pattern of County officials impermissibly citing citizens for ordinance violations—let alone violations of the Solid Waste Ordinance in particular. Rather, Kiefer relies solely on his

5

experience. In doing so, Kiefer presents no evidence to suggest that the County systemically provided inadequate training to its employees. Kiefer's factual allegations fail to suggest that his experience either is a part of a pattern of constitutional violations or is "so obviously the consequence of a systemic lack of training, as opposed to the decisions of individual officers, that the need for different or additional training was plain." *Graham*, 5 F.4th at 891 (internal quotation marks omitted). The complaint, therefore, does not plausibly allege that the County was deliberately indifferent when adopting its training practices.

For these reasons, Kiefer fails to adequately allege municipal liability by way of a failure to train employees.

### B. County Policy

As Kiefer has not adequately alleged that his constitutional injury was caused by a failure to train employees, Kiefer's Section 1983 claim against the County must be based on either an official policy or an unofficial custom. *See Corwin v. City of Independence*, 829 F.3d 695, 699–700 (8th Cir. 2016). "Policy and custom are not the same thing." *Id.* A policy is "a deliberate choice of a guiding principle or procedure made by the municipal official who has final authority regarding such matters." *Mettler v. Whitledge*, 165 F.3d 1197, 1204 (8th Cir. 1999). "[W]hether an official had final policymaking authority is a question of state law." *Pembaur v. City of Cincinnati*, 475 U.S. 469, 483 (1986) (observing that "[a]uthority to make municipal policy may be granted directly by a legislative enactment or may be delegated by an official who possesses such authority"). Courts consult applicable municipal charters, codes and ordinances to determine whether an

6

official has policymaking authority. *See Davison v. City of Minneapolis*, 490 F.3d 648, 661 (8th Cir. 2007).

Kiefer has not identified an official county policy or alleged facts that would support the existence of an official policy requiring the County's employees to enforce the Solid Waste Ordinance against individuals who either store personal property outdoors or are not engaged in a solid waste management operation. Kiefer relies solely on his personal experience as "one example," but he alleges no other examples and only vaguely asserts that the "County has charged others as well." Kiefer similarly has not cited any law bestowing policymaking authority on the County technician or alleged that the County technician is a policy maker. Kiefer, therefore, fails to allege facts sufficient to establish the existence of a county policy that injured Kiefer. The Court, therefore, must analyze whether Kiefer has adequately alleged a county custom, as that is the only remaining basis on which Kiefer may be able to establish municipal liability under Section 1983.

C.   **Unofficial Custom**

The parties dispute whether Kiefer has alleged sufficient facts to support a Section 1983 unofficial-custom claim. To state a claim for Section 1983 liability based on an unofficial custom, a plaintiff must plead facts that establish (1) "the existence of a continuing, widespread, persistent pattern of unconstitutional misconduct" committed by the county's employees; (2) "deliberate indifference to or tacit authorization" of the misconduct by policymaking officials after those officials have received notice of the misconduct; and (3) that the plaintiff was injured by acts pursuant to the custom, such that "the custom was a moving force behind the constitutional violation." *Corwin*, 829 F.3d

7

at 700 (internal quotation marks omitted). Even if a plaintiff is not privy to the facts necessary to describe with specificity the alleged custom, the complaint must allege facts that would support the existence of a custom. *Crumpley-Patterson v. Trinity Lutheran Hosp.*, 388 F.3d 588, 591 (8th Cir. 2004).

The first requirement for municipal liability based on an unofficial custom is "the existence of a continuing, widespread, persistent pattern of unconstitutional misconduct" committed by the County's employees. *Corwin*, 829 F.3d at 700 (internal quotation marks omitted). But as explained above, Kiefer fails to allege a pattern of alleged constitutional violations. Kiefer addresses only his experience. Kiefer, therefore, has not alleged facts sufficient to support this necessary element of a claim for Section 1983 liability based on an unofficial custom.

The second element of municipal liability for an unofficial custom requires a plaintiff to "allege facts showing that policymaking officials had notice of or authorized" the misconduct. *Kelly v. City of Omaha*, 813 F.3d 1070, 1076 (8th Cir. 2016) (affirming dismissal of Section 1983 claim against municipality that failed to allege such facts). Without more, vaguely referencing previous complaints made against a local government employee is insufficient to state a claim for Section 1983 liability based on a custom. *See id.*; *cf. Mettler*, 165 F.3d at 1205 (explaining that plaintiff would need to show that the local government "had failed to investigate previous incidents before a court could conclude" that municipal employees "believed a municipal custom allowed them to violate [plaintiff's] rights with impunity"); *Hassuneh v. City of Minneapolis*, 560 F. Supp. 2d 764, 771 (D. Minn. 2008) (granting municipality's motion for summary judgment when

plaintiffs did not "provide any evidence that the City of Minneapolis was on notice of the alleged constitutional violation and that the City was deliberately indifferent or authorized the alleged constitutional violation").

Kiefer does not allege facts that, if proven, would establish that a policymaking official received notice of any alleged constitutional violations committed by county employees. Nor does Kiefer allege any facts from which a factfinder reasonably could infer that a policymaking official authorized or was deliberately indifferent to any alleged constitutional violations committed by county employees. Kiefer, therefore, has not alleged sufficient facts to support this necessary element of a claim for Section 1983 liability based on an unofficial custom.

Because Kiefer has failed to state a Section 1983 claim against the County,[1] the Court grants the County's motion for judgment on the pleadings as to Kiefer's federal constitutional claims against the County. Accordingly, Counts I and II of the complaint are dismissed with prejudice.

## II.    Supplemental Jurisdiction over State-Law Claims

Having granted the County's motion for judgment on the pleadings as to Kiefer's federal constitutional claims, only Kiefer's state-law claims remain. A district court may decline to exercise supplemental jurisdiction over a plaintiff's state-law claims if it has dismissed all claims over which it has original jurisdiction. 28 U.S.C. § 1367(c)(3). A district court's decision to exercise supplemental jurisdiction is "purely discretionary."

---

[1]    In light of the foregoing conclusion, the Court need not address whether Kiefer has adequately alleged that an unofficial custom caused Kiefer's injuries.

*Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639 (2009).  Although a federal district court may exercise supplemental jurisdiction, it should "exercise judicial restraint and avoid state law issues wherever possible."  *Condor Corp. v. City of St. Paul*, 912 F.2d 215, 220 (8th Cir. 1990).

When, as here, the "resolution of the remaining claims depends solely on a determination of state law," it is appropriate for a federal district court to decline to exercise supplemental jurisdiction over such claims.  *See Glorvigen v. Cirrus Design Corp.*, 581 F.3d 737, 749 (8th Cir. 2009) (internal quotation marks omitted); *Johnson v. City of Shorewood*, 360 F.3d 810, 819 (8th Cir. 2004) ("[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine . . . will point toward declining to exercise jurisdiction over the remaining state-law claims." (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988))).  For this reason, the Court declines to exercise supplemental jurisdiction over Kiefer's remaining state-law claims.  Accordingly, Counts III, IV and V of the complaint are dismissed without prejudice.

## ORDER

Based on the foregoing analysis and all the files, records and proceedings herein, **IT IS HEREBY ORDERED**:

1. Defendant Isanti County, Minnesota's motions for judgment on the pleadings, (Dkts. 11, 17), are **GRANTED**;

2. Plaintiff Keith Allen Kiefer's federal-law claims (Counts I and II) are **DISMISSED WITH PREJUDICE**; and

3. Plaintiff Keith Allen Kiefer's state-law claims (Counts III, IV and V) are **DISMISSED WITHOUT PREJUDICE**.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: March 1, 2022

s/Wilhelmina M. Wright
Wilhelmina M. Wright
United States District Judge